# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CORBIN J. HOWARD, I, | : | |
| Plaintiff, | : | Case No. 3:09cv00351 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| SHANNON WEBB, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

The Court previously granted Plaintiff Corbin J. Howard, I's Application to Proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915. Construing Plaintiff's pro se Complaint liberally in his favor, he mainly his ongoing obligation to pay child support. (Doc. #2 at 3).

This case is now before the Court for a *sua sponte* review to determine whether his pro se Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B).

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an *in forma pauperis* Complaint if the action is frivolous or malicious. *Denton*, 504

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Reviewing a Complaint under §1915(e)(2)(B), the Court resolves whether it raises a claim with a rational or arguable basis in fact or law. *See Neitzke,* 490 U.S. at 328-29. If it does not, it is frivolous or malicious and subject to dismissal. *See id.*; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – the Complaint "'contain[s] sufficient factual matter ... to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). This requires a plaintiff to plead "more than 'a formulaic recitation of a cause of action's elements,' and ... allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __U.S. at __, 129 S.Ct. at 1949 (*Twombly* citations omitted).

Plaintiff's Complaint states in full:

> Wilford Dues Awarded custody of our five children to Children Services of Preble County. Jennifer Overmeyer ordered me to pay child support, but stated if the permanent custody order was upheld in appeals court, which it was, I would no longer have to pay child support. Shannon Webb has refused to do anything about this. It's been almost 2 years, and I'm still paying child support.

(Doc. #2 at 3). As to relief, Plaintiff seeks, "To get my money back from the child support agency and to stop letting them take money out of my check." *Id*. at 4.

Plaintiff's factual allegations, although not delusional, fail to state a claim with an arguable basis in law. To the extent Plaintiff seeks an Order from this Court instructing state or county officials to act in accordance with a decision of the Ohio Court of Appeals or other state court, Plaintiff's Complaint seeks relief that is unavailable in this Court. Federal courts cannot direct state officials to conform their conduct to state law. *Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 106 (1984).

Assuming the truth of Plaintiff's allegations, he may seek relief in the Ohio courts by, for example, filing a Motion in the original case involving the custody of his children and his obligation to pay child support. Plaintiff, moreover, has not alleged sufficient facts to show a violation of his rights under the procedural component of the Due Process Clause of the Fourteenth Amendment because the Complaint tends to indicate that he received both notice and an opportunity to be heard during the child-custody proceedings. *See Mullane v. Central Hanover Trust*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). If Plaintiff is attempting to raise a substantive due process challenge to his obligation under Ohio law to pay child support, such a claim has no arguable basis in federal constitutional law. "[T]here are no judicial decisions recognizing a constitutional right of a man to terminate his duties of support under state law for a child that he has fathered, no matter how removed he may be emotionally from the child. Child support has long been a tax fathers have had to pay in Western civilization. For reasons of child welfare and social utility, if not for moral reasons, the biological relationship between a father and his offspring – even if unwanted and

unacknowledged – remains constitutionally sufficient to support ... child support requirements." *N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004).

Accordingly, Plaintiff's Complaint must be dismissed without prejudice under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.

October 15, 2009
    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).